WILDE, imp., Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*October 3—October 24, 1911.*

*Dead bodies: Right to custody: Unlawful removal: Parent and child.*

1. The father has the right to the care and custody of the body of his unmarried daughter for the purpose of providing proper obsequies and sepulture, and any one wrongfully invading this right is liable to respond in damages.
2. The body of a girl killed by defendant's electric car at a high-way crossing was placed by the trainmen upon the car and, accompanied by a girl companion, was taken to Milwaukee, less than fifteen miles distant, where it was placed in a morgue and the father promptly notified.  It appeared that the place of the accident was two and one-half miles from the father's house, that snow had rendered the roads nearly impassable, that there was an uninclosed and unattended shelter for pas-

sengers at the place and a farmhouse near by, and that de-
fendant's road ran through a well settled farming country.
*Held*, that the jury were warranted in finding that no right of
the father was invaded by such disposition of the body.

3. The jury were properly instructed in such case that defendant
was not liable if what was done by its servants with the body
was done in good faith and solely for the purpose of accom-
plishing an early return thereof to the plaintiff, and if the
acts and conduct of such servants were not characterized by
recklessness or heartlessness.

· APPEAL from a judgment of the circuit court for Waukesha
county: MARTIN L. LUECK, Circuit Judge. *Affirmed*.

On April 23, 1910, Edna Wilde, the fifteen-year-old daugh-
ter of the plaintiff, was struck and killed by an electric car
on defendant's railway at Sunny Slope station, about two and
one-half miles from her home. The body was placed upon
the car and taken to Milwaukee by defendant's employees,
and left at a morgue in said city. This action was brought
to recover damages for the unlawful removal of the body from
the place at which the accident occurred. The jury returned
a general verdict in favor of the defendant and judgment was
entered thereon, from which judgment plaintiff appeals.

For the appellant the cause was submitted on the briefs of
*F. C. Weed*.

For the respondent there was a brief by *Merton, Newbury
& Jacobson*, attorneys, and a supplemental brief by *Clarke M.
Rosecrantz*, of counsel, and oral argument by *E. Merton*.

BARNES, J. Plaintiff's daughter was killed by one of de-
fendant's cars at a highway crossing in Waukesha county.
Cars stopped at this crossing to receive and discharge pas-
sengers, and deceased and a companion were intending to
take a car to Waukesha when the accident occurred, deceased
being struck by a car east bound for Milwaukee. There was
a shelter for passengers at the crossing, but it was not inclosed
and no one was in charge of it. The same was true of County
Line, the next stopping place east of where the injury oc-

curred. There had been a severe snow storm which rendered the county roads well nigh impassable. The plaintiff lived two and a half miles from where his daughter was killed, and it took nearly three hours to make the distance with a horse on the morning of the casualty. There was one dwelling house quite close to the place of the accident, and the railroad ran through a well settled farming country until the city limits were reached. Death resulted almost immediately. The body was picked up by the trainmen and placed on one of the car seats and covered over. There is no pretense that any indignity was offered to the remains and it is not at all certain that the employees knew that the girl was dead when they lifted her body into the car. The dead girl's companion was asked to accompany the remains, and the car proceeded to County Line station, the next stopping place. Here the trainmen got into telephonic communication with the officials of the defendant and related the details of the accident. At this time the trainmen knew the girl was dead. They were requested to carry the body to Milwaukee. On its arrival it was placed in the morgue, and the father of the dead girl was promptly notified of the death of his daughter and where the body was.

One point argued is that the verdict is perverse and should be set aside as not supported by the testimony. We think the verdict is supported by the evidence. The trainmen could not well abandon their car to notify the plaintiff. It would have been inhuman to permit the body to lie where it fell, and it might well be considered indecent to leave it in the open shed provided for passengers, without any attendant. The trainmen might have asked the farmer who lived near where the girl was killed to care for the body, and such farmer might have done so, in which event it would be but two and one-half miles from the home of the plaintiff. But the parties were no doubt laboring under excitement, and the jury might well have reached the conclusion, under the circumstances, that the

defendant's employees made as reasonable a disposition of the body as could be expected, all things considered. The plaintiff had the undoubted right to the care and custody of the body of his daughter for the purpose of providing proper obsequies and sepulture of the remains, and for any wrongful invasion of this right the guilty party is liable to respond in damages. *Koerber v. Patek,* 123 Wis. 453, 102 N. W. 40. However, the evidence warranted the jury in finding that no right of plaintiff was invaded by the defendant.

Four exceptions were taken to the charge of the court. Three of them were frivolous. The remaining one raises the question of the correctness of the following language used by the court:

"But if, on the other hand, you find that what was done by the servants of the defendant with the dead body was done in good faith and solely for the purpose of accomplishing an early return thereof to the plaintiffs, and that the acts and conduct of the defendant's servants were not characterized by recklessness or heartlessness, then the plaintiffs cannot recover, and your verdict should be for the defendant."

It is the opinion of this court that this charge, as applied to the facts in the case before us, is a correct exposition of the law.

*By the Court.*—Judgment affirmed.